UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID W. SVETE,

                Plaintiff

vs.

HOWARD F. WUNDERLICH, M.D., ET AL.,

                Defendants

Case No. 2:07-CV-156
District Judge Sargus
Magistrate Judge King

## OPINION AND ORDER

According to his original Complaint (Doc. 7), Plaintiff David W. Svete (Svete or Plaintiff) is a Texas resident presently incarcerated as a federal prisoner in Ohio, having been convicted in Florida on fraud and conspiracy charges related to losses suffered by certain individuals and financial institutions in connection with the dealings of a corporation founded by Svete (LifeTime Capital, Inc. or LCI) in so-called "viatical" or "life settlement" life insurance polices.[1] The Defendants are three physicians, Howard F. Wunderlich, M.D., Isaac Corney, M.D., and Rani Whitfield, M.D., the former two allegedly residents of Ohio, and the latter allegedly a resident of Louisiana. Doc. 7, p.2. In some 45 pages and 330 paragraphs, the Complaint makes twelve separate claims for civil damages and, in one case, injunctive relief, based in one way or another on physician retainer agreements allegedly executed by each of the defendants with a corporation (Medical Under-

---

1. See Doc. 7, pp. 3, 15-16 and Case # 3:04 cr10-001/MCR., United States District Court, Northern District of Florida, Pensacola Division.

writing, Inc. or MUI) "established to administer the medical underwriting process" of LCI. Doc. 7, p.4..

Plaintiff first moved for leave to proceed in forma pauperis on February 26, 2007, which was then granted and his Complaint filed by Order of the Magistrate Judge on April 4 after Plaintiff had submitted further necessary forms. Docs. 4, 5, 7. Defendant Wunderlich was served with process on April 24 (Doc. 9) and Defendant Whitfield was served with process on April 27 (Doc. 12). (As indicated by Docket entry 54, Defendant Corney was not served with process until December 14 after the Magistrate Judge had granted an extension for Plaintiff's further attempt at such service. Doc. 36. Consequently, the rulings in this Order do not pertain to Defendant Corney.)

On May 15, 2007, Defendant Wunderlich filed Answer to the Complaint (Doc. 13) and a month later, on June 15, he filed a motion pursuant to Rule 12(c), Fed. R. Civ. P., for judgment on the pleadings, Doc. 17. Meanwhile, after obtaining an extension of time to answer (Doc. 11), Defendant Whitfield, on June 11, elected instead to file a motion pursuant to Rule 12(b)(6) to dismiss the Complaint,. Docs. 15, 16. Based on extensions then granted Svete by the Magistrate Judge (Docs. 20 and 21), Svete's responses to the two motions became due on Sept. 15 (Motion for Judgment on the Pleadings) and Sept. 9 (Motion to Dismiss), respectively. In light of the further rulings contained in this Order, the motions of Defendants Wunderlich and Whitfield respecting Plaintiff's original Complaint (Docs. 13 and 15) will be denied as moot.

According to certificates of service on the two documents, Plaintiff Svete delivered postage-paid copies of a Motion For Leave To File First Amended Complaint and the subject First Amended Complaint (Docs. 37 and 22, respectively[2]) into the hands of prison officials for transmittal to the Clerk of this Court for filing and electronic service upon counsel for Defendants Wunderlich and Whitfield. Because of the docketing discrepancy noted below and the fact that Plaintiff is relying on electronic service of his filings through the Court's ECF system, it is not clear when counsel became aware of either of these filings by Plaintiff.[3] In any event, on September 20, Defendant Wunderlich's counsel filed a Motion To Strike Plaintiff's First Amended Complaint (Doc. 26), arguing that Plaintiff had not first sought leave to file, as required because Defendant Wunderlich had already filed his Answer. See Fed. R. Civ. P. Rule 15(a). That motion to strike was denied by order of the Magistrate Judge on October 18, and Wunderlich was granted leave to plead further within 30 days after resolution of Plaintiff's motion for leave to file the amended complaint. Doc. 41.

---

2. As indicated by the Clerk's "Filed" date stamp on the face of each, the two documents were apparently received by the Court on September 13. For unknown reasons, however, only the First Amended Complaint was docketed on that date, while the accompanying motion for leave to file was not docketed until almost a month later on October 12, thus accounting for the discrepancy in Docket numbers for documents actually filed at the same time.

3. It is clear from his certificates of service that in all filings Plaintiff is claiming benefit of additional time allowed by the so-called prison mailroom filing rule of Houston v. Lack,, 487 U.S. 266, 270-72 (1988). See Towns v. United States, 190 F.3d 468, 469 (6th Cir. 1999). Counsel might bear this in mind, as well as the other delays or failures inherent in use of ECF for service of filings in this case, in determining the likely success of motions to strike or the like based on perceived failures to strictly observe time or other filing and service rules.

It is correct that in the case of Defendant Wunderlich, Plaintiff was required to seek leave of Court to file an amended complaint. It is also clear that Plaintiff did so. As explained by our circuit long ago, the applicable rule is therefore the following:

> Federal Rule Civil Procedure 15(a) provides that leave to amend a pleading should be "freely given when justice so requires." Furthermore, the thrust of Rule 15 is to reinforce the principle that cases "should be tried on their merits rather than the technicalities of pleadings." *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982). The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed.2d 77 (1971); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Cranberg v. Consumers Union of U.S., Inc.*, 756 F.2d 382, 392 (5th Cir.), cert. denied, 474 U.S. 850, 106 S.Ct. 148, 88 L.Ed.2d 122 (1985). Abuse of discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. See, e.g., *Foman*, 371 U.S. at 182, 83 S.Ct. at 230.

Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986).

Here, the amended complaint in question is some 12 pages and 102 paragraphs shorter than the original complaint. Furthermore, the amended complaint contains only half the number of claims for relief (six vice twelve) as contained in the original. In the circumstances of this case, this reduction in size and complexity without adding anything that might successfully be argued to prejudice either defendant at the time convinces the Court that it would be an abuse of discretion to deny the requested leave to amend. The same will therefore be granted.

The other defendant, Whitfield, apparently recognized that, because he had not yet filed a responsive pleading, Rule 15 permitted Plaintiff one amendment to

4

his complaint as a matter of course, did not oppose such filing. Instead, this Defendant has filed a Motion to Dismiss the First Amended Complaint, appropriately addressing the issues presented there. Doc. 38, 10/12/07. That latter motion to dismiss is now pending before the Court and will be ruled on in due course.

It is therefore ORDERED that Plaintiff Svete's Motion For Leave To File First Amended Complaint (Doc. 37) is GRANTED and that this case shall proceed against Defendants Wunderlich and Whitfield on the basis of said First Amended Complaint (Doc. 22). Said Defendants' Motions for Judgment On The Pleadings (Doc 17) and To Dismiss (Doc. 15) respecting Plaintiff's original Complaint are DENIED as moot. Defendant Wunderlich's Motion To Strike Plaintiff's Response to the Motion For Judgment On The Pleadings (Doc. 34) is also DENIED as moot. In accordance with the Magistrate Judge's Order (Doc. 41), Defendant Wunderlich has leave to move or plead with respect to Plaintiff's First Amended Complaint (Doc. 22) within 30 days of the date of this Order.

IT IS SO ORDERED.

Jan 4, 2008
Dated

Edmund A. Sargus, Jr.
United States District Judge

5