UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID W. SVETE,

                Plaintiff           Case No. 2:07-CV-156
vs.                                      District Judge Sargus
                                            Magistrate Judge King

HOWARD F. WUNDERLICH, M.D., ET AL.,

                Defendants

## MEMORANDUM and ORDER

Relying on Rules 52(b) and 59(e), Fed. R. Civ. P., Plaintiff David W. Svete has moved the Court (Doc. 99) to reconsider the rulings contained in its Opinion and Order filed herein on September 30, 2008 (Doc. 95). That order dismissed five of the seven separate claims for relief in Svete's First Amended Complaint, on grounds that they did not state claims upon which relief could be granted against either Defendant. In fact, neither of the rules cited by Plaintiff provides for the reconsideration he seeks at this time. The express language of Rules 52 and 59 makes them applicable only after there has been a trial or entry of judgment, and neither of those has yet occurred in this case. Furthermore, the Court's orders of dismissal in question are based on the provisions of Rule 12, Fed. R. Civ. P., and such rulings are expressly excepted from the requirements of Rule 52. See Rule 52(a)(3).

Although the Court never-the-less has inherent power to consider Plaintiff's motion, that authority is properly limited by the law-of-the-case doctrine which is

said to expresses the general practice of courts to refuse to reopen what has once been decided.

> . . . A court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance, although as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was "clearly erroneous and would work a manifest injustice." *Arizona v. California, supra*, 460 U.S., at 618, n. 8, 103 S.Ct., at 1391, n. 8 (citation omitted).

Christianson v. Colt Industries Operating Corp., 486 U.S. 800, 817, 108 S.Ct. 2166, 2178 (1988).

> . . . . "[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir.), cert. denied, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964). The major grounds justifying reconsideration are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790.

Virgin Atlantic Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2nd Cir.1992)

The Court has carefully examined Plaintiff's present motion to reconsider and finds that it is essentially a shortened re-presentation of Plaintiff's position and arguments already presented at great length in opposition to the dismissal of claims moved for by Defendants and now ordered by the Court. See, e.g., documents identified in the Court's Opinion and Order, Doc. 95, p.3. However, Plaintiff's motion does not purport to identify some intervening change in controlling law or newly discovered evidence that might reasonably be thought to indicate any of the Court's rulings constitute clear error or result in a manifest injustice to Plaintiff. Thus, Plaintiff is seeking reconsideration based on no more than re-presentation and re-

argument of that which he has already submitted in support of his position on Defendants' dismissal motions.. Even under the standards for consideration of proper Rule 59(e) motions (Cf., McDowell v. Dynamics Corp. of Ameerica, 931 F.2d 380, 382 (6th Cir. 1991) (Motions for reconsideration are often treated as Rule 59 motions)), it is clear that Plaintiff has not submitted an adequate basis for granting any part of his motion here.

It is therefore ORDERED that Plaintiff's Motion To Reconsider the Court's Opinion and Order of September 30, 2008 herein (Doc 99) is DENIED.

SO ORDERED.

2-6-2009
Dated

Edmund A. Sargus, Jr.
United States District Judge

3