**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID W. SVETE,**

        **Plaintiff,**

    vs.                                  **Civil Action 2:07-CV-156
                                        Judge Sargus
                                        Magistrate Judge King**

**MD HOWARD F. WUNDERLICH,
*et al.*,**

        **Defendants.**

**ORDER and
REPORT AND RECOMMENDATION**

Plaintiff, who is proceeding *pro se,* is currently incarcerated in a federal institution in Ohio after having been convicted in Florida on fraud and conspiracy charges in connection with viatical life insurance policies. He seeks in this action monetary and injunctive relief against defendants Wunderlich and Whitfield, who allegedly agreed to provide services in the medical underwriting process.[1] Only plaintiff's claims for enforcement of indemnification and hold harmless agreements and for injunctive relief remain pending. *Opinion and Order,* Doc. No. 95. The parties have filed a number of motions in this action, many of which remain pending; the Court now addresses only certain discovery matters.

On December 4, 2008, defendant Whitfield propounded interrogatories, requests for production of documents and requests for admission on plaintiff. *Notice*, Doc. No. 106. Plaintiff sought and was granted a number of extensions of time to respond to those requests, most recently to March 15, 2009. *Order*, Doc. No. 118. On March 27, 2009, plaintiff filed a notice of service of response to those discovery

---

[1]The claims against a third defendant, Isaac Corney, M.D., were voluntarily dismissed by plaintiff. *Notice of Dismissal,* Doc. No. 61.

requests, *Notice*, Doc. No. 131.[2] Under these circumstances, defendant Whitfield's motions to compel some response to his discovery requests, Doc. Nos. 115, 128, are **DENIED as moot**.

Having received plaintiff's responses to his discovery requests, defendant Whitfield now moves to dismiss the action based on plaintiff's alleged abuse of the discovery process. *Motion to Dismiss*, Doc. No. 133.

Defendant Whitfield submitted 7 interrogatories, 12 requests for production of documents, and 10 requests for admission, everyone of which falls within the ambit of discoverable information delineated by Rule 26(b)(1) of the Federal Rules of Civil Procedure. *Exhibit 1*, attached to *Defendant Whitfield's Motion to Compel Discovery Responses*, Doc. No. 115. In his 153-page response, *Exhibit A*, attached to *Motion to Dismiss*, Doc. No. 133, plaintiff asserted 25 objections to each of the interrogatories and requests for production of documents and a number of "conditions," to each response.[3] In response to most of the requests for admission, plaintiff asserts the same objections and "conditions." Many of the objections asserted by plaintiff lack even an arguably colorable basis. For example, plaintiff, who is proceeding *pro se*, invokes the attorney-client privilege or work-product doctrine. Plaintiff also refuses to provide substantive response on grounds that are simply not legally cognizable: "Plaintiff objects to the Requests that he is presently incarcerated, is proceeding *Pro se*, without the benefit of

---

[2] Plaintiff states that his discovery responses were effectively filed on March 12, 2009, when he placed those responses in the prison mail facility for mailing. *See Houston v. Lack*, 487 U.S. 266 (1988)(*pro se* prisoner's filing is effective at moment of delivery to prison authorities for mailing).

[3] Plaintiff asserts additional objections to certain discovery requests, addressing terms used in certain discovery requests. *See, e.g.,* Plaintiff's Response to Request for Admission No. 6, *Exhibit A*, p. 130, attached to *Motion to Dismiss*, Doc. No. 133.

2

Counsel, and *Informa Pauperis* as he is without assets or income." Objection 19.

Plaintiff attempts to justify his responses to defendant Whitfield's discovery requests by arguing that the Federal Rules of Civil Procedure permit either substantive response or objection to those requests. *Plaintiff's Response in Opposition to Motion to Dismiss*, p. 5, Doc. No. 146.

Plaintiff is simply wrong in his characterization of the options made available to him by the rules governing discovery. To interpose objections that have no legal force or application to the facts of this case constitutes an abuse of the discovery process and a level of game-playing that will not be tolerated by this Court. Having said that, however, the Court also concludes that dismissal of the action at this juncture is unwarranted.

Rule 37(b)(2)(A) authorizes the imposition of sanctions, including dismissal of the action in whole or in part, F.R. Civ. P. 37(b)(2)(a)(v), where a party fails to obey an order to provide or permit discovery.[4] Moreover, Rule 41(b) provides that, where "the plaintiff failed to prosecute or to comply with these rules, or a court order, a defendant may move to dismiss the action or any claim against it." However, dismissal for misconduct in connection with the discovery process is appropriate only for persistent misconduct and after prior warning. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). Because plaintiff, who is proceeding *pro se*, has not been previously warned that his failure to cooperate in good faith in the discovery process could result in the imposition of sanctions, including

---

[4] Rule 37(d)(1)(A) authorizes the grant of sanctions if a party fails to make written response to discovery requests under Rules 33 and 34, even absent a court order.

dismissal of the action, the Court concludes that dismissal at this juncture is unwarranted.

Accordingly, the Court will grant plaintiff one more opportunity to provide substantive response to defendant Whitfield's discovery requests, and plaintiff must do so within 30 days. Plaintiff is specifically advised that his failure to scrupulously comply with this Court's order will result in the imposition of sanctions, including the possible dismissal of the action.

The Court also notes that defendant Wunderlich has now served interrogatories, requests for production of documents and requests for admission on plaintiff. *Notice*, Doc. No. 134. The Court expects good faith response by plaintiff to those discovery requests, and warns plaintiff that his failure to fully participate in the discovery process, as it relates to discovery requests made by defendant Wunderlich, may also result in the imposition of sanctions, including dismissal of the action.

It is therefore **RECOMMENDED** that defendant Whitfield's motion to dismiss based on plaintiff's discovery responses, Doc. No. 133, be **DENIED**. However, plaintiff is **ORDERED** to provide substantive response within 30 days.

Because defendant Whitfield's prior motions to compel discovery response by plaintiff, Doc. Nos. 115, 128 are now moot, the Clerk is **DIRECTED** to remove those motions from the Court's pending motions list.

Plaintiff's motion for an enlargement of time, to June 30, 2009, to respond to the discovery requests propounded to him by defendant Wunderlich, Doc. No. 151, is **GRANTED.**

The defendants' joint motion for an extension of the discovery completion and dispositive motion filing date, Doc. No. 145, is **GRANTED.** The current discovery completion and dispositive motion filing dates are **VACATED.** The Court will establish a new pretrial schedule at a later date.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985)*; Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987)*; United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

<u>June 11, 2009</u>                              <u>*s/Norah McCann King*</u>
                                                 Norah M<sup>c</sup>Cann King
                                  United States Magistrate Judge

5