IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID W. SVETE,**

    **Plaintiff,**

vs.

                               Civil Action 2:07-CV-156
                               Judge Sargus
                               Magistrate Judge King

**MD HOWARD F. WUNDERLICH,
et al.,**

    **Defendants.**

## OPINION AND ORDER

On June 11, 2009, the United States Magistrate Judge issued an *Order and Report and Recommendation* recommending that the motion to dismiss, based on plaintiff's failure to respond in proper fashion to defendant Whitfield's discovery requests, be denied but ordering plaintiff to make proper response to those requests within thirty (30) days. *Order and Report and Recommendation*, Doc. No. 160. Plaintiff received a copy of the *Report and Recommendation* on June 17, 2009, *see Objection*, Doc. No. 168. On July 7, 2009, the *Report and Recommendation* was adopted and affirmed without objection. *Order*, Doc. No. 164. On July 30, 2009 -- *i.e.*, more that six (6) weeks after the *Report and Recommendation* was issued, more than five (5) weeks after plaintiff received a copy of that *Report and Recommendation*, and more than three (3) weeks after the *Report and Recommendation* was adopted and affirmed, plaintiff has filed objections to that *Report and Recommendation*. Doc. No. 168. It simply strains credulity to believe, as plaintiff would have this Court believe, that his objections were placed in the institution

mail more than five (5) weeks ago, on June 23, 2009. Nevertheless, the Court will consider plaintiff's objections.

Plaintiff does not appear to object to the recommendation that the motion to dismiss be denied; he appears to disagree with the non-dispositive order of the United States Magistrate Judge directing his further response to defendants' discovery requests within thirty (30) days. That Court will not reverse that order unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. §636(b); F.R. Civ. P. 72(a).

In her order, the United States Magistrate Judge noted that plaintiff provided no substantive response to the discovery requests, but instead registered blanket objections to each discovery request, many of those requests having no application to either the facts or the legal issues presented by this case. *Order and Report and Recommendation*, Doc. No. 160. Plaintiff was ordered to make substantive, good faith response to the discovery requests within thirty (30) days. *Id*. Plaintiff complains that some of his objections might have merit but that the United States Magistrate Judge failed to individually consider each of the 25 blanket objections made by plaintiff to each of the 29 discovery requests made of him.

This Court agrees that plaintiff's assertion of blanket objections to all of the discovery requests -- some objections being patently frivolous -- was wholly improper. The United States Magistrate Judge was correct in directing plaintiff to make proper response to those requests. In doing so, the United States Magistrate Judge did not require plaintiff to, as plaintiff argues, produce information that he lacks; plaintiff must merely make individualized response to each

2

discovery request. Should he have a good faith, factually and legally applicable objection to a particular discovery request, he remains free to assert that objection. As did the United States Magistrate Judge, however, this Court also cautions plaintiff that his blanket assertion of inapplicable objections will not be tolerated.

Accordingly, because the order of the United States Magistrate Judge was neither clearly erroneous nor contrary to law, plaintiff's objection to that order, Doc. No. 168, is **DENIED**.

The Court, in the exercise of its discretion, grants plaintiff until August 21, 2009, to provide the supplemental responses directed by the United States Magistrate Judge. Plaintiff's failure to do so may result in the dismissal of his action.

Plaintiff has also asked for an extension of time, until October 2009, to respond to discovery requests propounded by defendant Wunderlich. Doc. No. 171. Plaintiff received those discovery requests on March 17, 2009. See Doc. No. 134. Plaintiff has not persuaded the Court that he requires more than six (6) months to respond to those requests. The Court therefore grants plaintiff until August 21, 2009, to respond to those requests. Again, plaintiff's failure to do so may result in the dismissal of the action.

In light of this extension, the Court **DENIES**, without prejudice, defendants' motions for sanctions and dismissal for failure to make timely response to defendants' discovery requests. Doc. Nos. 166, 167.

Plaintiff has filed a motion to bifurcate the action, and to defer damages-related issues pending resolution of liability. Doc. No.

3

170. A district court may bifurcate a trial "for convenience, to avoid prejudice, or to expedite or economize." F.R. Civ. P. 42(b). The decision to bifurcate rests with the discretion of the trial court. *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996). However, piecemeal litigation ordinarily serves to increase costs and result in delay of most litigation. "Thus, Rule 42(b) should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." Wright and Miller, *Federal Practice and Procedure* §2238 (2d ed. 1995). This Court finds that bifurcating these proceedings will not preserve judicial economy and will have little effect on the parties in this action, which would not require a lengthy trial in any event. Therefore, plaintiff's motion to bifurcate, Doc. No. 170, is **DENIED**.

Plaintiff has also filed a motion to appoint counsel. Doc. No. 169. Because the action has not yet progressed to the point that the Court is able to evaluate the merits of plaintiff's claim, the motion for appointment of counsel is **DENIED** without prejudice to renewal at a later stage of the proceedings. *See Henry v. City of Detroit Manpower Dept.*, 763 F.2d 757 (6th Cir. 1985).

8-3-2009
Date

Edmund A. Sargus, Jr.
United States District Judge