# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

DAVID W. SVETE,                          :

    Plaintiff,          :  Case No. 3:09cv00357

 vs.                                   :  District Judge Thomas M. Rose
            Magistrate Judge Sharon L. Ovington

HOWARD F. WUNDERLICH, M.D., :
 *et al.*,
          :

    Defendants.

---

## REPORT AND RECOMMENDATIONS[1]

---

This matter is before the Court upon Plaintiff David W. Svete's Notice of Voluntary Dismissal (Doc. #192); Defendants Rani Whitfield's ["Whitfield"] and Howard F. Wunderlich's ["Wunderlich"] respective objections to that Notice of Voluntary Dismissal (Doc. ##194, 195); and the record as a whole.

## **Factual & Procedural Background/The Parties' Claims**

On January 11, 2010, this Court issued a Report and Recommendations suggesting that Defendants' motions to dismiss (Doc. ##175, 181) be granted, and that Plaintiff's First Amended Complaint (Doc. #22) be dismissed with prejudice in its entirety. (*See* Doc. #191). Set forth within that Report is a detailed history

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendations.

of Plaintiff's repeated failure to provide timely or suitable responses to

Defendants' proper discovery requests, which pattern of non-compliance led the

Court to recommend the sanction of dismissal with prejudice in accordance with

Fed. R. Civ. P. 37(b)(2)(A)(v), (c) and (d), and Fed. R. Civ. P. 41(b). (*See id.* at 21).

The Court also recommended that Plaintiff "be ORDERED to pay Defendants

Whitfield's and Wunderlich's reasonable expenses, including attorneys fees,

caused by Plaintiff's failure to comply with Court Orders and other discovery

obligations, in accordance with Fed. R. Civ. P. 37(b)(2)(C), (c), and (d)." (*Id.*).

On January 19, 2010 – eight days after that Report and Recommendations

were entered on this Court's docket – Plaintiff filed a "Notice of Voluntary

Dismissal," proposing that "all claims against Defendant[s Wunderlich and

Whitfield" be dismissed "**without prejudice**," and that "**no fees or costs be

assessed**" against him. (Doc. #192 at 2) (emphasis added). Defendants

Wunderlich and Whitfield both responded by objecting to Plaintiff's Notice,

asserting that dismissal without prejudice and without the imposition of fees and

costs would "undermine the [ ] Report and Recommendation[s]" and allow

Plaintiff "the opportunity to reassert his claims." (Doc. #194 at 1; Doc. #195).

They urge that such a result is not consistent with Fed. R. Civ. P. 41(a).

**ANALYSIS**

Plaintiff's Notice of Voluntary Dismissal states on its face that it is brought

"pursuant to Fed. R. Civ. Procedure 41." (Doc. #192 at 1). That Rule provides that

a plaintiff may voluntarily dismiss an action "without a court order" by filing either:

> (I)    a notice of dismissal **before the opposing party serves** either **an answer** or a motion for summary judgment; or

> (ii)    **a stipulation of dismissal signed by all parties** who have appeared.

Fed. R. 41(a)(1)(A) (emphasis added).

The record reflects that Defendants Wunderlich and Whitfield served separate

answers to Plaintiff's amended complaint on October 9, 2008, and October 10, 2008,

respectively (*see* Doc. ##96, 97), over 15 months before Plaintiff filed his Notice of

Voluntary Dismissal. (Doc. #192). Plaintiff's Notice also was not accompanied by

"a stipulation of dismissal signed by all parties who have appeared," and

Defendants' objections to the Notice of Voluntary Dismissal make clear that they do

not agree to the terms of dismissal proposed by Plaintiff. (*See* Doc. ##194, 195). In

accordance with Fed. R. Civ. P. 41(a)(1)(A), then, Plaintiff cannot achieve voluntary

dismissal of his Amended Complaint without an Order of this Court.

Where (as here) the provisions of Rule 41(a)(1)(A) do not apply, "an action

may be dismissed at the plaintiff's request only by court order, **on terms that the**

**court considers proper**." Fed. R. Civ. P. 41(a)(2) (emphasis added). The "terms" on

which this Court would consider dismissal of Plaintiff's Amended Complaint in this

action to be "proper" already have been set forth in the January 11, 2010 Report and Recommendations – *i.e.*, that such dismissal should be "with prejudice . . ., in accordance with Fed. R. Civ. P. 37(b)(2)(A)(v), (c) and (d), and Fed. R. Civ. P. 41(b)," and that Plaintiff should be held accountable for "Defendants Whitfield's and Wunderlich's reasonable expenses, including attorneys fees, caused by Plaintiff's failure to comply with Court Orders and other discovery obligations, in accordance with Fed. R. Civ. P. 37(b)(2)(C), (c), and (d)." (Doc. #191 at 20-21).

Plaintiff's eleventh hour attempt to avert the consequences of the obstructive behavior he has displayed throughout this litigation does not dissuade this Court from the admittedly steep sanction previously recommended. Fed. R. Civ. P. 41(b) explicitly contemplates that an involuntary dismissal imposed for a plaintiff's failure to comply with the applicable procedural rules or a court order "operate[ ] as an adjudication on the merits." In this case, Plaintiff repeatedly flouted both the rules governing discovery (*see* Doc. #192 at 2-12) <u>and</u> prior orders of this Court. (*See id.* at 6-11, citing, *e.g.*, Doc. ##160, 164, 173). Permitting Plaintiff now to dismiss his complaint against Defendants Whitfield and Wunderlich voluntarily and "without prejudice" could leave open to Plaintiff the option of refiling another action against those Defendants – an option that Plaintiff should be deemed to have forfeited by wilfully abusing the discovery rules and the Court's attempted deference to

Plaintiff's incarcerated and *pro se* status.

In addition, Plaintiff's request that "no fees be assessed, and that each party shall pay his own fees and costs" (Doc. #192 at 2) also effectively would allow Plaintiff to escape foreseeable consequences of his obstructive conduct. Because Plaintiff's multiple delays, motions and avoidance tactics forced Defendants to incur attorneys fees and other expenses that would have been unnecessary as to a cooperative opposing party, Defendants should be given an opportunity (however unlikely) to try to recoup such costs from the party responsible for generating them. Acceding to Plaintiff's wish to avoid such costs would be unwarranted.

IT THEREFORE IS **RECOMMENDED** that:

(1)     Plaintiff's Notice of Voluntary Dismissal (Doc. #192) be STRICKEN for failure to comply with Fed. R. Civ. P. 41(a); and

(2)     Plaintiff's First Amended Complaint (Doc. #22) be DISMISSED with prejudice and Plaintiff be ORDERED to pay Defendants Whitfield's and Wunderlich's reasonable expenses, in accordance with the recommendations contained in this Court's January 11, 2010 Report and Recommendations.


January 28, 2010                                          s/Sharon L. Ovington
                                                              Sharon L. Ovington
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen (17) days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).